(No. 90229.—

EUGENE HILL, Appellee, v. ROGER COWAN, Warden, Menard Correctional Center, Appellant.

*Opinion filed April 18, 2002.—Modified on denial of rehearing December 2, 2002.*

HARRISON, C.J., joined by KILBRIDE, J., dissenting.
KILBRIDE, J., dissenting on denial of rehearing.

James E. Ryan, Attorney General, of Springfield (Joel D. Bertocchi, Solicitor General, and William L. Browers, Assistant Attorney General, of Chicago, of counsel), for appellant.

Daniel M. Kirwan, Deputy Defender, and Edwin J. Anderson, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of St. Clair County granting a petition for *habeas corpus* filed by Eugene Hill, an inmate at the Menard Correctional Center. In granting Hill's petition, the circuit court held that the extended-term sentencing provisions pursuant to which Hill was sentenced were unconstitutional under the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Because the circuit court's judgment declared the sentencing statute invalid, the appeal was taken directly to our court. 134 Ill. 2d R. 302(a). We now reverse.

## BACKGROUND

In May 1982, petitioner Eugene Hill pleaded guilty to the offenses of attempted murder, rape, and armed robbery. The trial court accepted his guilty pleas, convicted

him of the offenses, and subsequently imposed concurrent 50-year extended-term sentences on each conviction. The court based the extended-term sentences on its finding that the offenses were accompanied by "exceptionally brutal or heinous behavior indicative of wanton cruelty." See Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(2).

Following imposition of sentence, petitioner moved to withdraw his pleas of guilty and to vacate the judgments, which motions were denied. The appellate court affirmed his convictions and sentences (*People v. Hill*, No. 5—83—0573 (1985) (unpublished order under Supreme Court Rule 23)), and this court denied his petition for leave to appeal. People v. Hill, 101 Ill. 2d 591 (1985). His subsequent petition pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*) was denied, and that denial was affirmed on appeal. *People v. Hill*, No. 5—91—0392 (1991) (unpublished order under Supreme Court Rule 23).

Subsequently, in August 2000, petitioner initiated the instant action under the Habeas Corpus Act (735 ILCS 5/10—101 *et seq.* (West 2000)). He contended that he is entitled to immediate release, because the extended-term portions of his sentences were unconstitutional, in light of the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

The circuit court granted the petition. The court declared the pertinent extended-term sentencing provisions to be unconstitutional under *Apprendi*. Because petitioner had already served three years more than the maximum nonextended term sentences to which he could have been subjected, the court ordered that he be discharged immediately. This appeal by the State followed.

## ANALYSIS

In *People v. Jackson*, 199 Ill. 2d 286 (2002), this court

held that *Apprendi*-based sentencing challenges could not be raised on direct appeal from a guilty plea. *Jackson*, 199 Ill. 2d at 295. Although the instant case presents a different procedural posture, we believe that the result we reach today is dictated by the reasoning in *Jackson*. We need not repeat the entire analysis set out in *Jackson*, but will briefly summarize the salient points that supported our conclusion that a guilty plea waives *Apprendi* concerns.

In *Jackson*, we noted that the Supreme Court did not fashion wholly new rights in *Apprendi*, but merely clarified the applicability of the long-standing, well-established rights to a trial by jury and to proof of guilt beyond a reasonable doubt. *Jackson*, 199 Ill. 2d at 302. The Court held that these rights extended to all facts necessary to establish the range of penalties potentially applicable to the defendant. *Jackson*, 199 Ill. 2d at 295. In other words, a defendant can only receive a sentence within the range of penalties statutorily prescribed for the crime, all the elements of which he has been proven guilty. The defendant has the right to demand that he receive a trial by jury and that he be proven guilty beyond a reasonable doubt of all elements of his crime.

But as we observed in *Jackson*, by pleading guilty, a defendant *waives* his rights to a jury trial and to proof beyond a reasonable doubt. *Jackson*, 199 Ill. 2d at 296. A guilty plea is intrinsically a relinquishment of the right to a trial, at which the State would be put to its burden of proof beyond a reasonable doubt. There is no validity to the complaint that a defendant did not "know" that he was waiving the right to have the State prove enhancing factors beyond a reasonable doubt, because by pleading guilty the defendant releases the State from proving *anything* beyond a reasonable doubt. *Jackson*, 199 Ill. 2d at 296-97. We do not require the trial court to advise a defendant of all the elements of the crime of which he

stands accused before accepting a guilty plea. See *People v. Barker*, 83 Ill. 2d 319, 329-30 (1980). It is sufficient that the court advise him of the nature of the crime; the range of penalties to which he might subject himself by his plea; his right to plead not guilty, if he so chooses; and that a guilty plea would operate to waive his rights to a jury trial and to be confronted with the witnesses against him. 177 Ill. 2d Rs. 402(a)(1) through (a)(4).

In the instant case, as in *Jackson*, the underlying convictions and sentences were based on a guilty plea. Unlike *Jackson*, in this case petitioner has exhausted not only his direct appeal, but also his post-conviction remedies. We find no reason to deviate in this case from the holding of *Jackson*, and we hold that petitioner's guilty plea forecloses him from raising an *Apprendi* challenge to his sentences.

Petitioner objects that such a holding would conflict with two established principles of law. First, he notes that this court has previously held that a defendant may challenge his sentence on appeal from a guilty plea where the challenge goes to the court's statutory authority to impose the sentence in question. Second, he notes the rules that the constitutionality of a statute may be challenged at any time and that unconstitutional statutes are said to be void *ab initio*. He contends that notwithstanding his guilty plea, his *Apprendi*-based arguments may be considered under either of these two rules. We shall address these arguments in turn.

It is true that a guilty plea does not waive an argument that the court imposed a sentence beyond its statutory authority. See *People v. Wilson*, 181 Ill. 2d 409, 413 (1998); *People v. Williams*, 179 Ill. 2d 331, 333 (1997); *People v. Singleton*, 103 Ill. 2d 339, 346 (1984). But a lack of statutory authority is not truly defendant's argument in this case. If it were, it would be swiftly brushed aside because the statutory scheme clearly did permit the

trial court to impose the sentences in question. See Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(2) (permitting court to impose extended term upon finding that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty); par. 1005—8—2(2) (extended term for Class X felony is 30 to 60 years' imprisonment). It simply cannot be said that the trial court imposed sentences for which it lacked statutory authority.

Petitioner also argues that, although the statute did exist, it was unconstitutional. This is the same, he contends, as having no such statute at all, as unconstitutional statutes are void *ab initio*. But this line of reasoning also falls short, not because of procedural default (see *People v. Wagener*, 196 Ill. 2d 269, 279 (2001) (constitutionality of a criminal statute may be assailed at any time); *People v. Wright*, 194 Ill. 2d 1, 23-24 (2000) (same)), but on its merits.

The void *ab initio* doctrine only applies to statutes unconstitutional on their face. As we explained in *Jackson*, the statutes involved in this case—sections 5—5—3.2 and 5—8—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, pars. 1005—5—3.2, 1005—8—2, now codified at 730 ILCS 5/5—5—3.2, 5—8—2 (West 2000))—are not unconstitutional on their face.

In our initial disposition of this case, we disposed of the void *ab initio* argument by noting that we had upheld application of the statutes in question in *People v. Ford*, 198 Ill. 2d 68 (2001). However, on rehearing, petitioner protests that this reasoning does not justify our result, because *Ford* involved section 5—8—2(a)(*1*) of the Unified Code of Corrections, while the instant case involves subsection (a)(*2*) of that statute. The point is valid. A statute need not necessarily stand or fall unitarily; some subsections may be constitutional and others not. See, *e.g.*, *McDougall v. Lueder*, 389 Ill. 141, 155 (1945) (find-

ing section 4(c) of the Community Currency Exchange Act facially unconstitutional but upholding the remainder of the statute). And the basis for our finding that there was no *Apprendi* violation in *Ford*—the defendant had already been found death-eligible at the time that the court imposed the extended-term sentence—can only exist with respect to section 5—8—2(a)(1), which governs extended-term sentences for first degree murder. A defendant cannot be found death-eligible with respect to any other crime.

Nevertheless, we find that section 5—8—2(a)(2) is not facially unconstitutional. Statutes enjoy a strong presumption of constitutionality, and courts must construe statutes in order to uphold their constitutionality whenever reasonably possible. *Wickham v. Byrne*, 199 Ill. 2d 309, 316 (2002). It is especially difficult to successfully mount a facial challenge to a statute. The fact that a statute may operate invalidly under some circumstances is insufficient to establish facial invalidity; a statute is facially unconstitutional only if " '*no* set of circumstances exists under which the Act would be valid.' " (Emphasis added.) *In re C.E.*, 161 Ill. 2d 200, 210-11 (1994), quoting *United States v. Salerno*, 481 U.S. 739, 745, 95 L. Ed. 2d 697, 707, 107 S. Ct. 2095, 2100 (1987). Thus, so long as there exists a situation in which a statute could be validly applied, a facial challenge must fail.

With respect to section 5—8—2(a)(2) of the Unified Code of Corrections, there is such a situation. Consider a defendant who commits a home invasion of a victim known to him to be over 60 years old. The defendant injures the victim when the victim arrives home unexpectedly and the defendant strikes him once as he flees. The defendant is charged with home invasion, a Class X felony (720 ILCS 5/12—11(c) (West 1998)), and also with aggravated battery, with the specific aggravating factor being the age of the victim (720 ILCS 5/12—4(b)(10)

(West 1998)). He is found guilty of both crimes. The circuit court rules that the aggravated battery conviction merges into the home invasion conviction, but sentences the defendant to an extended-term sentence based on the victim's age (see 730 ILCS 5/5—8—2(a)(2), 5—5—3.2(b)(4)(ii) (West 1998)).

In this hypothetical, there would be no *Apprendi* violation. See *People v. Hopkins*, 201 Ill. 2d 26 (2002) (finding no *Apprendi* violation in an analogous fact pattern involving aggravated battery and first degree murder). *Apprendi* merely requires the State to prove to the jury beyond a reasonable doubt all facts underlying the sentence imposed on the defendant. In the above hypothetical, the jury has found all elements of the home invasion and—by the guilty verdict on aggravated battery—the additional fact of the victim's age. So, when the circuit court imposes an extended sentence pursuant to section 5—8—2(a)(2) there is no *Apprendi* violation, because all of the facts underlying the extended sentence were proven to the jury beyond a reasonable doubt.

Because a situation can be envisioned in which the statute can be applied without running afoul of constitutional constraints, the statute is not facially unconstitutional. *C.E.*, 161 Ill. 2d at 210-11. Accordingly, the void *ab initio* doctrine does not apply to excuse the waiver occasioned by petitioner's guilty plea in the instant case.

Since petitioner's facial challenge to the statute fails, can petitioner as a final resort raise the narrower challenge that the statute is unconstitutional as applied to him? Yes, but this challenge is what petitioner's guilty plea forecloses. The statutory scheme was not unconstitutional as applied to defendant because by pleading guilty defendant waived the constitutional rights he now seeks to invoke. In so holding, we note that we are using the term waiver to signify the "voluntary relinquishment of a known right," not as a shorthand for "procedural

default by failing to bring an error to the attention of the trial court." Petitioner cannot now complain of a purported deprivation of rights which he voluntarily and fully abandoned in the earlier proceedings. This is analogous to the rule that one cannot complain of error which he induced or in which he participated at trial. See, *e.g.*, *People v. Villarreal*, 198 Ill. 2d 209 (2001); *People v. Segoviano*, 189 Ill. 2d 228, 241 (2000) ("it is well established that 'an accused may not ask the trial court to proceed in a certain manner and then contend in a court of review that the order which he obtained was in error' "), quoting *People v. Lowe*, 153 Ill. 2d 195, 199 (1992).

Because petitioner's claims are either meritless or foreclosed by his guilty plea, we need not discuss any remaining issues.

For the foregoing reasons, the judgment of the circuit court is reversed.

*Reversed.*

CHIEF JUSTICE HARRISON, dissenting:[1]

There is no dispute that the extended-term provisions under which Hill was sentenced are unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The extended-term portion of Hill's sentence is therefore void. For the reasons set forth in my dissenting opinion in *People v. Jackson*, 199 Ill. 2d 286 (2002), Hill's plea of guilty does not foreclose him raising that issue. Accordingly, the judgment of the circuit court should be affirmed, and Hill should be discharged from State custody immediately.

The justification employed by the majority to deny

---

[1]This dissent was filed when the majority opinion in this matter was originally announced. However, by the time the majority opinion was modified upon denial of rehearing, Chief Justice Harrison had retired from the bench.

Hill relief is no more sound here than it was when my colleagues first put it forward in *People v. Jackson*, 199 Ill. 2d 286 (2002). Illinois' extended-term sentencing provisions are unconstitutional as applied to all defendants save those who have been convicted of capital murder and found death-eligible. Because they are unconstitutional, they are void *ab initio*. They do not have and never had any legal force or effect. It is as if they never existed.

Because the extended-term provisions never had any legal effect, there was never any statutory authority for the extended-term sentence imposed on Hill. Where, as here, there is no statutory authority for a sentence imposed by the trial court, the sentence is void and may be attacked at any time, directly or collaterally. *City of Chicago v. Roman*, 184 Ill. 2d 504, 510 (1998); *People v. Arna*, 168 Ill. 2d 107, 113 (1995).

*People v. Harvey*, 196 Ill. 2d 444 (2001), decided within the last year, reiterated this point in circumstances directly analogous to those before us today. We specifically held in that case that if a trial court imposes an extended-term sentence that is not authorized by law, the extended-term portion of the sentence is void and is subject to attack in a collateral proceeding. *Harvey*, 196 Ill. 2d at 447-48. The circuit court was therefore correct in holding that *Apprendi* can be raised by defendants on collateral review to challenge sentences imposed in cases which became final before *Apprendi* was decided.

Where a trial court imposes a sentence for which there is no statutory authority, as the trial court did here, the fact that the defendant chose to plead guilty does not foreclose him from challenging the sentence. Indeed, the defendant is not only entitled to contest the sentence, he may do so without first having to move to have his guilty plea set aside. *Jackson*, 199 Ill. 2d at 304 (Harrison, C.J., dissenting, joined by Kilbride, J.). Accordingly, Hill's plea

of guilty is not a bar to his petition for a writ of *habeas corpus*.[2]

My colleagues attempt to meet this argument, as they did in *Jackson*, by asserting that the void *ab initio* doctrine is inapplicable where a statute is unconstitutional as applied, but not unconstitutional on its face. The majority advanced no basis for this distinction in *Jackson* and they offer none here. They cannot. There is none. See *Jackson*, 199 Ill. 2d at 304-05 (Harrison, C.J., dissenting, joined by Kilbride, J.).

There is likewise no merit to the majority's claim that the sentencing provisions cannot be deemed unconstitutional as applied because Hill waived his rights when he pleaded guilty. 202 Ill. 2d at 156-57. The flaw in this argument is that it erroneously equates the relinquishment of a constitutional right with the absence of a constitutional violation. If the State has deprived a defendant of a constitutional right, the violation exists whether the defendant elects to challenge it or not. Waiver of the challenge merely constrains the defendant's ability to obtain relief. It does not eradicate the violation and it is not a limitation on the authority of our court.

Equally flawed is the majority's resort to analogies with the rule regarding invited error. Contrary to my colleagues' view, Hill cannot be said to have induced the unlawful extended-term sentence imposed by the trial court when he pleaded guilty. When Hill pleaded guilty he did not know and was not admonished that he had

---

[2]*Habeas corpus* is an appropriate mechanism for Hill to secure his release. See *Faheem-El v. Klincar*, 123 Ill. 2d 291, 295 (1988). It is not, however, the sole means by which Hill could have contested the extended-term portion of his sentence. Without deciding whether Hill had the right to bring a successive petition under the Post-Conviction Hearing Act (725 ILCS 5/122—1 (West 2000)) under the facts present here, I note that he could also have sought relief under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2000)). *Harvey*, 196 Ill. 2d at 447-48.

the right to have the existence of the aggravating factors tried by a jury and established beyond a reasonable doubt. He could not have known of these rights because *Apprendi* had not yet been decided. Accordingly, this is not a situation where a defendant is attempting to avail himself of error he helped create or in which he knowingly acquiesced.

The majority's analogy fails for another reason as well. If a defendant invites or acquiesces in an unlawful sentence when he pleads guilty, such invitation or acquiescence exists whether the sentence is invalid because it is unconstitutional or invalid because it is not authorized by statute. The cases are indistinguishable. Accordingly, if we were to hold that a defendant's guilty plea precludes him from challenging his sentence on the grounds that it is unconstitutional, we would also be required to hold that a guilty plea bars a defendant from challenging his sentence on the grounds that it exceeds the trial court's authority. But that is not the law. It is the exact opposite of the law. Our court has repeatedly held and recently reaffirmed that a plea of guilty does *not* preclude a criminal defendant from challenging his sentence where the basis for the challenge is that the sentence is void and was beyond the trial court's statutory authority to impose. *People v. Wagener*, 196 Ill. 2d 269, 280 (2001); *People v. Williams*, 179 Ill. 2d 331, 333 (1997).

For the foregoing reasons, the judgment of the circuit court should be affirmed. I therefore dissent.

JUSTICE KILBRIDE joins in this dissent.

## Dissent Upon Denial of Rehearing

JUSTICE KILBRIDE, dissenting:

The majority's invocation of the waiver doctrine is as misplaced here as it was in *People v. Jackson*, 199 Ill. 2d 286 (2002). As this court has recently and clearly stated:

" 'Waiver of a constitutional right is valid only if it is clearly established that there was "an intentional relinquishment or abandonment of a *known* right ***." ' *People v. Johnson*, 75 Ill. 2d 180, 187 (1979), quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 82 L. Ed. 1461, 1466, 58 S. Ct. 1019, 1023 (1938). Such waivers must not only be voluntary, but must be ' "*knowing*, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." ' *Johnson*, 75 Ill. 2d at 187, quoting *Brady v. United States*, 397 U.S. 742, 748, 25 L. Ed. 2d 747, 756, 90 S. Ct. 1463, 1469 (1970)." (Emphasis added.) *People v. McClanahan*, 191 Ill. 2d 127, 137 (2000).

It simply cannot be said that Hill knowingly relinquished his right to proof beyond a reasonable doubt when he had no notice, either through the charging instrument or otherwise, that the "brutal and heinous" element had to be submitted to the trier of fact. At the time he pleaded guilty, *Apprendi* had not been decided. Under the statutory scheme in place at that time, a finding of "brutal and heinous" behavior could have, unconstitutionally, been made by the judge.

The majority cites *People v. Barker*, 83 Ill. 2d 319, 329-30 (1980), for the proposition that before accepting a guilty plea we do not require the trial court to advise a defendant of all elements of a crime. *Barker* does not, however, stand for the proposition that a defendant need not have *notice of* all the elements of a crime in order for a subsequent guilty plea to be voluntary. In *Barker* we only decided whether the trial court's admonishments were in substantial compliance with Supreme Court Rule 402. We never reached the issue of notice. Indeed, this court held in *Barker* that the charging instrument "adequately alleged the requisite intent to kill" (*Barker*, 83 Ill. 2d at 329) and "intent to kill" was the element that the defendant complained he had not been adequately admonished of by the trial court. Thus, Barker had notice and that case is inapposite to the case at hand. Simply put, in order for a guilty plea to operate as a

waiver of proof beyond a reasonable doubt of the elements of a crime or of facts enhancing the penalty, a defendant, at minimum, must have notice of those elements or enhancement factors.