THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANNETTE M. PALMER, Defendant-Appellant.

Second District   No. 2—00—0641

Opinion filed February 13, 2003.—Rehearing denied March 7, 2003.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and

822

Richard S. London, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BYRNE delivered the opinion of the court:

In this appeal, defendant, Annette M. Palmer, argues that her 10-year extended prison sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Defendant insists that, even though she waived the issue by pleading guilty, we must review the sentence under the plain error exception to the waiver rule. We decline to review the issue as plain error, and we affirm the conviction and sentence.

## BACKGROUND

Pursuant to a partially negotiated plea agreement, defendant pleaded guilty to the offense of armed violence premised on aggravated battery. The information alleged in pertinent part that defendant, "while armed with a dangerous weapon, a bludgeon, *** intentionally and without legal justification cut Pastor Escamilla about the body thereby causing great bodily harm [to him]." See 720 ILCS 5/12—4(a), 33A—2 (West 1998). There was no agreement as to the sentence.

■ The offense of armed violence premised on aggravated battery is a Class 2 felony (720 ILCS 5/33A—1(c), 33A—3(b) (West 1998)) normally punishable by three to seven years' imprisonment (730 ILCS 5/5—8—1(a)(5) (West 1998)). Under certain provisions of the Unified Code of Corrections (Code), an extended sentence of 7 to 14 years' imprisonment may be imposed (730 ILCS 5/5—8—2(a)(4) (West 1998)) if the court finds certain aggravating factors, such as where the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty (730 ILCS 5/5—5—3.2(b)(2) (West 1998)) or the victim was a person 60 years of age or older at the time of the offense (730 ILCS 5/5—5—3.2(b)(4)(ii) (West 1998)).

In this case, defendant pleaded guilty to the armed violence charge and, as part of the plea agreement, the State nol-prossed the charges of attempted first-degree murder, aggravated battery, and aggravated battery of a senior citizen. The court read the armed violence charge to defendant. The trial court informed defendant, among other things, that the offense was "technically probationable" and that the sentencing range for the offense was three to seven years' imprisonment. The court also stated that defendant could receive a term of 7 to 14 years' imprisonment "if you have a previous conviction within the last 10 years *** or if *** there is aggravation that qualifies you for that category." The court later added that it did not know whether defendant qualified for an extended term due to a previous felony conviction or "if the injuries are severe enough for this court to

consider an extended[-]term sentence. It's possible. But I underline the word possible." The court explained generally the various rights that defendant would give up by pleading guilty, and the State presented a factual basis for the plea.

The trial court accepted the plea and imposed an extended sentence of 10 years' imprisonment based on its consideration of two aggravating sentencing factors: the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty and the victim was a person 60 years of age or older at the time of the offense.

On direct appeal, defendant argued that her extended sentence must be reduced to a nonextended sentence because, in violation of her right to due process, the sentencing factors of wanton cruelty and the victim's age were not charged, submitted to a jury, and proved beyond a reasonable doubt as required by *Apprendi*. The *Apprendi* Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.

On March 12, 2002, we filed an opinion affirming the conviction, vacating the sentence, and remanding the cause for resentencing. *People v. Palmer*, 328 Ill. App. 3d 348 (2002). The State petitioned our supreme court for leave to appeal. The supreme court denied the petition but entered a supervisory order directing this court to vacate our judgment and reconsider the case in light of *People v. Jackson*, 199 Ill. 2d 286 (2002). After the supreme court issued its supervisory order, the Appellate Court, Third District, decided *People v. Townsell*, 336 Ill. App. 3d 340 (2003), in which the court invoked the plain error rule to review an *Apprendi* claim after the entry of a guilty plea. Defendant filed a motion to cite *Townsell* as additional authority, and we now grant the motion.

## ANALYSIS

In *Jackson*, the defendant pleaded guilty to a Class 3 felony of aggravated battery (720 ILCS 5/12—4 (West 1996)) and, in exchange, the State agreed not to seek an extended-term penalty. The trial court elicited facts from the defendant regarding the circumstances of the offense and admonished her extensively and specifically regarding the consequences of pleading guilty. The trial court accepted the factual basis, determined that the defendant's plea was knowing and voluntary, and accepted the plea. *Jackson*, 199 Ill. 2d at 289-90. At the sentencing hearing, the trial court found that the defendant's behavior

in committing the crime was exceptionally brutal and indicative of wanton cruelty and imposed an extended-term sentence of 10 years' imprisonment. *Jackson*, 199 Ill. 2d at 291-92.

On appeal, the supreme court initially conceded that, under *Apprendi*, "[e]very fact necessary to establish the range within which a defendant may be sentenced is an element of the crime and thus falls within the constitutional rights to a jury trial and proof beyond a reasonable doubt, made applicable to the states by the due process clause of the fourteenth amendment." *Jackson*, 199 Ill. 2d at 296. However, the court held that the defendant's guilty plea waived any *Apprendi*-based sentencing objections on appeal because, by pleading guilty, she "relieve[d] the State of its burden of proving *any* element of the crime" as well as any aggravating sentencing factor. (Emphasis in original.) *Jackson*, 199 Ill. 2d at 297.

Although *Apprendi* and *Jackson* each involved a guilty plea, the *Jackson* court distinguished the cases factually. Unlike in *Apprendi*, the defendant in *Jackson* failed to reserve her right to challenge the extended portion of her sentence at the guilty plea hearing. *Jackson*, 199 Ill. 2d at 297.

■■ When a defendant pleads guilty, the trial court must admonish him only of (1) the nature of the charge; (2) the maximum and minimum penalties that could be imposed; (3) his right to plead not guilty, if he so chooses; and (4) the fact that a guilty plea would waive his rights to a jury trial and to be confronted with the witnesses against him. 177 Ill. 2d Rs. 402(a)(1) through (a)(4); *Jackson*, 199 Ill. 2d at 296-97. Here, defendant pleaded guilty only after she was informed of the nature of the armed violence charge and that a 14-year extended sentence could be imposed for the crime. Furthermore, she did not object to the possibility of an extended-term sentence before pleading guilty. Therefore, we conclude that defendant's knowing and voluntary guilty plea waived any right she might have had to raise an *Apprendi*-based sentencing objection. See *Jackson*, 199 Ill. 2d at 297.

We next address defendant's citation to *Townsell*. In that case, the defendant pleaded guilty to first-degree murder and was sentenced to a 100-year extended prison term based on aggravating sentencing factors that were not charged, submitted to a jury, and proved beyond a reasonable doubt. On direct appeal, the Appellate Court, Third District, held that the extended portion of the sentence violated *Apprendi*. *Townsell*, 340 Ill. App. 3d at 341.

The State petitioned the supreme court for leave to appeal, and the court denied the petition. However, the supreme court directed the Third District to vacate its judgment and reconsider its decision in

light of *Jackson*. On remand, the Third District conceded that, under *Jackson*, the defendant waived his *Apprendi* challenge by pleading guilty. The court nevertheless addressed the claim under the plain error rule as set forth in Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)). *Townsell*, 340 Ill. App. 3d at 344.

Rule 615(a) provides that "[p]lain errors or defects affecting substantial rights may be noticed [on appeal] although they were not brought to the attention of the trial court." 134 Ill. 2d R. 615(a). The plain error rule permits a reviewing court to take notice of errors that were not brought to the attention of the trial court where the evidence is closely balanced or where the nature of the error is such that it deprives the accused of his constitutional right to a fair sentencing hearing. *People v. Simms*, 143 Ill. 2d 154, 170 (1991).

After correctly noting that *Jackson* did not address the applicability of Rule 615(a), the *Townsell* court cited *People v. Billops*, 125 Ill. App. 3d 483 (1984), as authority for invoking the plain error rule. In *Billops*, the defendant waived a claim of double jeopardy by pleading guilty to an offense, but the appellate court reversed the conviction after reviewing the claim as plain error. Noting that the appellate court previously had reviewed a double jeopardy claim as plain error following a trial, the *Billops* court reasoned that such review was similarly appropriate in a guilty plea case because "the underlying error is the same." *Billops*, 125 Ill. App. 3d at 485.

Citing *Billops*, the *Townsell* court held that, because an *Apprendi*-based claim may be reviewed as plain error following a jury trial (see, *e.g.*, *People v. Amaya*, 321 Ill. App. 3d 923, 931 (2001)), such a claim may be reviewed in a guilty plea case also. *Townsell*, 340 Ill. App. 3d at 344. However, we conclude that the rationale of *Townsell* is fatally undermined by the fundamental difference between an *Apprendi*-based sentencing objection and a claim of double jeopardy in the context of a guilty plea case.

In *Hill v. Cowan*, 202 Ill. 2d 151 (2002), our supreme court reaffirmed the holding of *Jackson* that "*Apprendi*-based sentencing challenges could not be raised on direct appeal from a guilty plea." *Hill*, 202 Ill. 2d at 154. It is well settled "that the failure to object on proper grounds at trial results in waiver of the issue through 'procedural default.'" *People v. Lewis*, 165 Ill. 2d 305, 336 (1995). However, *Hill* emphasized that, when a defendant waives an *Apprendi* claim by pleading guilty, the waiver signifies the "voluntary relinquishment of a known right" to a jury trial rather than a "procedural default by failing to bring an error to the attention of the trial court." *Hill*, 202 Ill. 2d at 158-59.

A guilty plea fully abandons any and all rights a criminal

defendant has to a jury trial, including any rights he might have had under *Apprendi*, and one may not complain of error that he induced or in which he participated at trial. Therefore, a defendant may not challenge an extended sentence on *Apprendi* grounds following a voluntary guilty plea. *Hill*, 202 Ill. 2d at 159.

The double jeopardy clause of the fifth amendment to the United States Constitution, made applicable to the states through the fourteenth amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., amends. V, XIV. The same protection is afforded by the Illinois Constitution (Ill. Const. 1970, art. I, § 10) and by statute (720 ILCS 5/3—4(a) (West 2000)). *People v. Bellmyer*, 199 Ill. 2d 529, 536-37 (2002). The clause protects against a second prosecution for the same offense after acquittal or conviction, and it protects against multiple punishments for the same offense. *Bellmyer*, 199 Ill. 2d at 537. When determining whether a retrial would violate a defendant's right to be free from double jeopardy, the reviewing court must decide (1) whether the defendant was placed in jeopardy during the first proceeding and (2) if so, whether the defendant can nevertheless be retried. *Bellmyer*, 199 Ill. 2d at 537.

We conclude that, when a defendant inadvertently fails to raise the issue of double jeopardy when pleading guilty, the waiver is more akin to a procedural default than a voluntary relinquishment of a known right. The distinction between the relinquishment of a known right and a procedural default leads us to reject the analysis in *Townsell*. Defendant may not complain of a purported deprivation of her right to a jury trial on the aggravating sentencing factors because, by pleading guilty, she voluntarily and fully abandoned that right as well as every other right a jury trial entails. See *Hill*, 202 Ill. 2d at 159.

Moreover, the overall tone of *Jackson* and *Hill* reveals that the supreme court intended to bar *Apprendi* claims in appeals like this one. For instance, *Jackson* broadly states that "it is clear that *Apprendi*-based sentencing objections cannot be heard on appeal from a guilty plea." *Jackson*, 199 Ill. 2d at 296.

Finally, we note that the future application of the rule announced in *Townsell* could be problematic. Because the waiver rule is a limitation on the parties and not the courts (*People v. Heard*, 187 Ill. 2d 36, 63 (1999)), the appellate court has discretion to invoke the rule based on the unique facts of any given case. Therefore, a case-by-case application of the plain error doctrine to *Apprendi* claims in guilty plea cases could potentially lead to the arbitrary shortening of the sentences of some defendants and not others. A reviewing court could avoid this

obviously undesirable result by invoking the plain error rule in every guilty plea case that involved an *Apprendi* claim. However, this approach would effectively circumvent *Jackson*, and we decline to deviate from the supreme court's holding in that way.

One district of the state appellate court is not always bound to follow the decisions of other districts, even though there may be compelling reasons to do so when addressing factually similar cases. *In re May 1991 Will County Grand Jury*, 152 Ill. 2d 381, 398 (1992). Therefore, we need not follow the Third District's holding in *Townsell*. We hold that, because defendant voluntarily pleaded guilty, she waived any argument that her due process rights under *Apprendi* were violated. See *Jackson*, 199 Ill. 2d at 294-95. Furthermore, we decline to consider the matter under the plain error rule as the Third District did in *Townsell*.

Accordingly, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

HUTCHINSON, P.J., and CALLUM, J., concur.