Docket No. 99310.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

_In re_ M.T., a Minor (The People of the State of Illinois, Appellant, v. M.T., Appellee).

_Opinion filed June 22, 2006._

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Freeman, McMorrow, Fitzgerald, Garman, and Karmeier concurred in the judgment and opinion.

## OPINION

In this case, the minor respondent was adjudicated delinquent following a judicial determination that he had violated the indecent solicitation of an adult statute (statute or solicitation statute) (720 ILCS 5/11–6.5(a) (West 2000)). The appellate court held that the statute violated the proportionate penalties clause of our state constitution (Ill. Const. 1970, art. I, §11) based on its use of cross-comparison analysis and found the entire statute unconstitutional. The State appealed, and respondent cross-appealed. We reverse the appellate court's judgment because we no longer apply cross-comparison analysis in proportionate penalties cases. We agree with the appellate court that the statute applies equally to adult and

juvenile offenders and that the statute does not violate due process principles. We also hold that respondent has standing to raise the due process challenge.

## I. BACKGROUND

Respondent, 16-year-old M.T., was adjudicated delinquent because he was found to have violated the solicitation statute. On March 16, 2001, while at school, respondent asked 16-year-old A.T. whether he wanted to receive oral sex, and A.T. responded affirmatively. A.T. followed respondent's instructions to go to the high school science room. Respondent told A.D., another minor, to "go tell that b*** to go down to [the science] room." A.D. believed respondent was referring to an 18-year-old junior named E.J.[1] A.D. relayed respondent's message to E.J., who went to the science room. A.T. testified that respondent and E.J. were in the science room when he entered. E.J. testified that after A.T. entered the room, respondent told her to perform oral sex on A.T., and she complied because she was afraid respondent would physically harm her if she refused. Respondent denied all of the allegations against him, but was nonetheless found to have violated the statute and was adjudicated delinquent. He was made a ward of the state and sentenced as a juvenile to 18 months' probation, seven days in the Juvenile Detention Center, with credit for time served, 23 additional days in custody with a stay of the mittimus, and registration and evaluation as a sex offender.

Respondent appealed, arguing that the solicitation statute did not apply to juveniles and that it violated both the due process clauses of the federal and state constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2) and the

---

[1]Although E.J. was not a minor at the time of this incident, we will use only her initials as identification.

proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11). The appellate court held that the statute applied to juveniles, was not unconstitutionally vague as it applied to respondent, and that respondent lacked standing to raise his facial constitutional claims. *In re M.T.*, 346 Ill. App. 3d 83 (2004). Respondent filed a petition for leave to appeal in this court.

We initially denied respondent's petition, but issued a supervisory order directing the appellate court to vacate its judgment and consider his due process and proportionate penalties challenges on the merits. *In re M.T.*, 209 Ill. 2d 581 (2004) (supervisory order). The appellate court subsequently filed an opinion reiterating its original beliefs that the solicitation statute applied to juveniles and that respondent lacked standing to make his due process and proportionate penalties arguments. Following our instructions to review the latter arguments on the merits, the appellate court also held that the statute did not violate due process principles, but that it did violate the proportionate penalties clause in such a pervasive manner that the entire statute was rendered unconstitutional. 352 Ill. App. 3d 131. This court allowed the State's petition for leave to appeal as a matter of right. 177 Ill. 2d R. 315. Respondent cross-appealed.

## II. ANALYSIS

The State first asserts that the minor respondent lacks standing to challenge the constitutionality of the solicitation statute since its sentencing provisions were inapplicable to him. The State also argues that the appellate court erred by concluding that the statute violates the proportionate penalties clause. In respondent's brief, he maintains that he has standing to raise his constitutional claims and that the statute violates the proportionate penalties clause both when the issue is analyzed under our prior cross-comparison analysis, previously used for comparing different offenses with similar purposes, and when it is reviewed by considering the severity of the penalties for offenses containing identical elements, relying in part on *People v. Graves*, 207 Ill. 2d 478 (2003).

In respondent's cross-appeal, he reiterates the latter proportionate penalties arguments, as well as raising two other issues: (1) whether the indecent solicitation of an adult statute (720 ILCS 5/11–6.5 (West 2000)) may be properly applied to juvenile offenders; and (2) whether the statute is a facial violation of the due process clause of the United States and the Illinois constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2). Respondent's latter contention is comprised of two discrete arguments. In these arguments, he contends the statute: (1) improperly turns misdemeanor conduct into a felony; and (2) does not contain the requirement of a culpable mental state or criminal purpose, thus potentially criminalizing innocent conduct. We first address the applicability of the statute to juvenile offenders because it presents an issue of statutory construction not implicating constitutional considerations that need not be addressed if the appeal may be resolved on other grounds. See *People v. Lee*, 214 Ill. 2d 476, 482 (2005).

## A. Application of the Solicitation Statute to Juvenile Offenders

Respondent contends that the indecent solicitation of an adult statute does not apply to juveniles because the legislature intended to protect minors by criminalizing the acts of adults who "arrange" sexual penetration or sexual conduct between adults and children. In support, respondent cites brief portions of the record in the state General Assembly indicating that the original impetus for the bill was the difficulty a State's Attorney experienced in prosecuting an adult who had lured juveniles into sexual encounters with other adults. From this, respondent generalizes that the statute was not intended to apply to juveniles who arrange similar contacts, relying on *In re Detention of Lieberman*, 201 Ill. 2d 300, 307 (2002), for his approach to statutory interpretation. As an issue of statutory construction, respondent's argument is subject to *de novo* review. *In re B.L.S.*, 202 Ill. 2d 510, 514 (2002).

In *Lieberman*, this court reiterated our long-standing principle that the primary objective of a reviewing court is to determine and effectuate the intent of the legislature,

subordinating all other rules of construction. *Lieberman*, 201 Ill. 2d at 307. We emphasized that " 'the most reliable indicator' " of that intent is the language selected by the legislature, given its plain and ordinary meaning. *Lieberman*, 201 Ill. 2d at 308, quoting *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504 (2000). In addition, we noted that specific provisions must be read in relation to the entire statute, with all words being construed in relation to other relevant sections. Whenever possible, each word should be construed to avoid rendering it superfluous. With those fundamental concepts in mind, we indicated that courts may sometimes consider both the statutory language and "the reason and necessity for the law, the evils sought to be remedied, and the purpose to be achieved." *Lieberman*, 201 Ill. 2d at 308. We then examined whether the definition of "a '[s]exually violent offense' " as used in the Sexually Violent Persons Commitment Act (725 ILCS 207/1 *et seq.* (West 1998)) included the now-repealed crime of rape. *Lieberman*, 201 Ill. 2d at 310.

In looking beyond the literal language of the statute, we explained that " ' "[w]here the spirit and intent of the General Assembly in adopting an act are clearly expressed and its objects and purposes are clearly set forth, courts are not bound by the literal language of a particular clause which would defeat the obvious intent of the legislature." ' " *Lieberman*, 201 Ill. 2d at 312, quoting *People v. McCoy*, 63 Ill. 2d 40, 45 (1976), quoting *Continental Illinois National Bank & Trust Co. of Chicago v. Illinois State Toll Highway Comm'n*, 42 Ill. 2d 385, 395 (1969). Finding that the exclusion of a conviction for rape from the category of sexually violent offenses would "lead[ ] to absurd results and prejudice[ ] the public interest in keeping citizens safe from violent sexual offenders," we held that the legislature's omission of the repealed crime was an apparent oversight and that a contrary interpretation would " 'frustrate the spirit of the statute and the intent of the legislature.' " *Lieberman*, 201 Ill. 2d at 320, quoting *Gill v. Miller*, 94 Ill. 2d 52, 59 (1983).

Here, adopting respondent's construction of the solicitation statute would produce a similarly absurd result and frustrate both the intent and the spirit of the legislation. The plain

˘5˘

language of the statute broadly states: "[a] *person* commits indecent solicitation of an adult if the *person*" arranges for someone over the age of 17 to commit an act of sexual penetration or other sexual conduct with a child under the age of 13 or between the ages of 13 and 17. (Emphases added.) 720 ILCS 5/11–6.5(a) (West 2000). Thus, the statute expressly defines the requisite ages of the person who would actually commit the sexual conduct as well as of the minor who is the intended victim, but *not* the age of the person who arranges for the illicit contact.

As respondent readily acknowledges, the clear intent of the statute is to protect children. In his argument, he attempts to bring himself within that protected group based solely on his status as a person under the age of 17 at the time of the offense. Respondent's argument fails to recognize, however, that the plain meaning of the language shows that this particular statute was designed to protect children from certain specified evils, namely, *sexual penetration or sexual conduct with adults.* There is no hint that the statute was intended to protect children from prosecution for their criminal acts.

Here, respondent was not in danger of becoming the victim of either of the evils noted in the statute. Quite to the contrary, he was judicially found to have been the instigator of those targeted evils by arranging for sexual conduct involving an adult (E.J.) and a minor (A.T.). To read the statute as protecting respondent from prosecution due to his age would not only violate the plain meaning of the statutory language but also "lead[ ] to absurd results and prejudice[ ] the public interest" as well as " 'frustrate the spirit of the statute and the intent of the legislature.' " *Lieberman*, 201 Ill. 2d at 320, quoting *Gill*, 94 Ill. 2d at 59. We hold that the indecent solicitation of an adult statute is equally applicable to both persons under and over the age of 17.

### B. Proportionate Penalties Challenges

We note that before the scheduled oral argument in this case, respondent filed a motion for leave to withdraw both of his proportionate penalties arguments due to our recent

decision in *People v. Sharpe*, 216 Ill. 2d 481 (2005). Prior to *Sharpe*, this court recognized three types of proportionate penalties challenges: (1) those raising cross-comparison analysis, requiring courts to judge penalties by comparing the penalties for offenses with differing elements (*Sharpe*, 216 Ill. 2d at 516-17); (2) those claiming a particular penalty was excessively severe and therefore "cruel or degrading;" and (3) those comparing the severity of penalties for offenses with identical elements. *Sharpe*, 216 Ill. 2d at 521. Respondent made two of these three types of challenges, inviting both the use of cross-comparison analysis and a comparison of the penalties in offenses with an identity of elements. He did not claim that the statutory penalty was "cruel or degrading."

In *Sharpe*, this court ended our use of cross-comparison analysis, while continuing to permit proportionate penalty claims involving either the "cruel or degrading" standard or challenging the penalties in offenses with identical elements. *Sharpe*, 216 Ill. 2d at 521. Respondent's abandonment of his proportionate penalty challenges was based on this change as well as our reversal of *Graves*. Respondent indicated his belief that the reversal of *Graves* "at best significantly diminishes, if it does not completely eliminate, the precedential effect of the appellate court's *Graves* decision." Thus, he sought to withdraw both of his proportionate penalties arguments. This court allowed respondent's motion for leave to withdraw those claims prior to hearing oral arguments in this case.

Nonetheless, the State's contention that the appellate court erred in finding that the solicitation statute violates the proportionate penalties clause remains properly before this court. The appellate court's finding of unconstitutionality was based entirely on the application of cross-comparison analysis. 352 Ill. App. 3d at 148-50. Notably, the court conducted its review long before the issuance of our decision in *Sharpe*. With the subsequent elimination of cross-comparison analysis in *Sharpe*, we now reverse the appellate court's holding that the statute was constitutionally invalid based on that analysis.

C. Due Process Challenges

˘7˘

### i. *Standing*

We next address respondent's facial challenges to the statute based on the federal and state due process clauses. We must first briefly examine the issue of standing. Standing is a factor in justiciability that must be decided on a case-by-case basis. The doctrine of standing is necessary to ensure that only parties with a genuine interest in the outcome of a case will raise and argue its issues. *People v. Greco*, 204 Ill. 2d 400, 409 (2003).

Here, the State asserts that respondent lacks standing to challenge the constitutionality of section 6.5(a)(1)(ii) because, as a juvenile offender, he was not sentenced under its provisions. While this assertion may have been relevant to respondent's ability to make proportionate penalties arguments, he has now abandoned those claims on appeal. His remaining three contentions do not attack the sentencing provisions of the statute. Rather, respondent claims his delinquency finding under the substantive provisions of the statute violates the due process clause.

In respondent's initial due process claim, he maintains that the legislature was not empowered to define the act of merely arranging for sexual conduct between an adult and a child as a felony while characterizing actual sexual conduct with a child as a misdemeanor. Respondent's brief specifically states that he is challenging "the constitutionality of the statute in its entirety, not any uncharged or inapplicable provisions, and [he] argues that because this criminal statute violates due process ***, it is completely invalid." Respondent's arguments also refer to the "pervasive" nature of the alleged constitutional flaw. He asserts standing because he was adjudicated delinquent based on a judicial finding that he had violated a statute that he contends should be deemed "void *ab initio*" because it is constitutionally invalid in its entirety. These arguments establish that respondent is challenging more than the mere sentencing provisions of the statute.

In addition, respondent notes that, even as a juvenile not subject to imprisonment risks identical to those faced by adult offenders, he has nonetheless suffered direct harm from being found in violation of the statute. While his juvenile court record

may be expunged of entries relating to misdemeanor violations, adjudication records "based upon *** sex offenses which would be felonies if committed by an adult," including violations of the solicitation statute, are statutorily barred from being expunged. 705 ILCS 405/5–915 (West 2004). As we recognized in *In re Christopher K.*, 217 Ill. 2d 348, 359 (2005), "[n]ullification of a conviction may hold important consequences for a defendant," even when the sentence imposed is not at issue. Here, respondent maintains he is directly harmed by the legislature's decision to create a felony solicitation statute for reasons wholly unrelated to pure sentencing differences between felony and misdemeanor offenses.

After reviewing respondent's challenge to the legislature's ability to enact these disparate offense classes, we agree it addresses the substantive validity of the statute underlying respondent's adjudication of delinquency. Thus, respondent falls "within the class aggrieved by the alleged unconstitutionality" of that statute for purposes of raising this due process challenge. See *People v. Morgan*, 203 Ill. 2d 470, 482 (2003) (stating the well-established general rule for determining issues of standing). The fact that respondent was not actually sentenced under the provisions in the adult statute does not negate the broader nature of the arguments presented in his brief.

Next, we address the issue of standing in respondent's remaining two due process claims. We note that these claims assert that the solicitation statute improperly lacks the requisite elements of a culpable mental state and knowledge of the participants' ages. Both these contentions relate to the substantive characteristics of the statute rather than to the nature of its sentencing provisions. Respondent has standing to raise these two due process challenges because his adjudication of delinquency was based on a judicial finding that the allegedly inadequate statutory elements were met. See *Morgan*, 203 Ill. 2d at 482.

ii. *Conversion of Misdemeanor Conduct Into a Felony*

Turning next to the merits of respondent's due process arguments, he first claims that the statute improperly converts misdemeanor conduct into a felony since the adult who actually engages in sexual conduct with a child commits a misdemeanor while the person who simply arranges the meeting is chargeable with a felony. Although respondent asserts he is making a due process challenge, the true nature of his claim is clouded by the substantive argument in his brief.

In addressing whether the statute passes the "reasonable relationship" test for substantive due process violations, he contends "it is not within the legislature's power to act unconstitutionally and they did so here by enacting a statute with unconstitutionally disproportionate penalties." Later, he maintains that

> "[a]t issue here is that the indecent solicitation of an adult statute is unconstitutionally disproportionate because the more culpable action of the principal, who actually has sex with a child between the ages of 13 and 17, can only be charged with a Class A misdemeanor but the person who arranged the sex act is punished much more severely despite being prosecuted essentially as an accomplice to the principal."

Based on these remarks, respondent's purported due process arguments may be seen as actually constituting disproportionate penalty claims in the guise of due process challenges.

As we previously noted, respondent has abandoned both his cross-comparison and "identical element" arguments and does not make a "cruel or degrading" penalty claim. Thus, to the extent respondent's due process argument is actually rooted in a proportionate penalty claim, we reject it.

Accordingly, we turn to a strict due process analysis. In *Sharpe*, the defendant raised a due process argument in addition to his proportionate penalties challenge. In his due process claim, the defendant asserted that the statutory 25-years-to-life sentencing enhancement for the mere use of a firearm during the commission of first degree murder created

"a harsher penalty than the baseline penalty for first degree murder" of 20 to 60 years in prison because the murder conviction required the actual, intentional killing of another person. *Sharpe*, 216 Ill. 2d at 530-31. Similarly, here respondent claims the indecent solicitation of an adult statute unconstitutionally punishes offenders more harshly than does the criminal sexual abuse statute (720 ILCS 5/12–15(c) (West 2000)). He asserts that under the solicitation statute individuals who merely arrange for sexual activity between an adult and a child are convicted of a Class 1 felony, while those who actually engage in that activity are guilty of only a Class A misdemeanor.

In *Sharpe*, this court explained that due process does not "place[ ] such tight constraints on the legislature's power to set criminal penalties that the legislature is forbidden from taking potential harm into account in enhancing the punishment for conduct which additionally causes actual harm." *Sharpe*, 216 Ill. 2d at 531. The same is true here, where one goal of the statute was to allow for easier prosecution of persons who endanger children by arranging for adults to have sexual contact with them. This goal was demonstrated by the legislative history cited by respondent. 88th Ill. Gen. Assem., Senate Proceedings, May 13, 1993, at 141 (statement by Senator Fitzgerald, noting the "bill seeks to add the offense of indecent solicitation of an adult, and *** would make it easier for prosecutors to make one accountable for what [a] particular individual did," namely, "luring young men to have sex with a prostitute"); 88th Ill. Gen. Assem., House Proceedings, April 20, 1993, at 152-53 (statement by Representative Johnson, a sponsor of the bill, stating the "case deals with *** two adults trying to line up a sex act with somebody under the age of 13 *** [or] between the ages of 13 years and 17 years").

To survive a due process challenge, a penalty must only "be reasonably designed to remedy the particular evil that the legislature was targeting." *Sharpe*, 216 Ill. 2d at 531. By allowing prosecutors to charge defendants with indecent solicitation of an adult rather than requiring them to undertake the more difficult task of proving criminal sexual abuse under a theory of accountability, the legislature took reasonable steps

to alleviate a problem apparently perceived by some prosecutors in these cases. As in *Sharpe*, the legislature may consider the potential harm to all children posed by individuals who arrange for sexual encounters between minors and adults in establishing appropriate punishment. See *Sharpe*, 216 Ill. 2d at 531.

Here, the legislature chose to impose a more severe penalty on those convicted under the solicitation act than on those convicted of criminal sexual abuse. Respondent has not established that the actual harm done to a single victim of criminal sexual abuse, vile though it may be, is inherently more serious than the uncontrolled actions of a person who arranges for the perpetration of sexual abuse by adults on any number of innocent children. As a facial challenge, respondent's claim cannot succeed. If any situation may be posited where the statute could be validly applied, the facial challenge must fail. *People v. Huddleston*, 212 Ill. 2d 107, 145 (2004), quoting *Hill v. Cowan*, 202 Ill. 2d 151, 157 (2002).

In this case, we can envision any number of instances where a person charged with indecent solicitation of an adult for repeatedly arranging sexual contacts between adults and children would precipitate far greater potential societal harm than one charged with a single instance of criminal sexual abuse. For example, a person charged under the solicitation statute may have been conducting a profitable business by matching up adults with unsuspecting or unwitting minors for the purpose of sexual conduct. The societal impact and danger to the general public presented to children by this sort of concerted "business" activity would far outweigh the overall harm incurred where a 16-year-old is charged with criminal sexual abuse for engaging in a single instance of sexual conduct with a 13-year-old schoolmate. For these reasons, we reject respondent's contention that, on its face, the statute violates the due process clause by turning misdemeanor conduct into a felony.

### iii. *Culpable Mental State*

Respondent also asserts that the statute is a facial violation of due process because it does not require a culpable mental state or a criminal purpose, thus potentially punishing innocent conduct. In support of this argument, respondent cites *People v. Wick*, 107 Ill. 2d 62 (1985), *People v. Zaremba*, 158 Ill. 2d 36 (1994), and *People v. Wright*, 194 Ill. 2d 1 (2000). In *Wick*, this court invalidated a portion of the aggravated arson statute making it a Class X felony to use fire or explosives knowingly to damage property, thereby causing injury to a firefighter or police officer acting in the line of duty at the scene. *Wick*, 107 Ill. 2d at 64-65. We stated that the statute swept too broadly by including innocent conduct such as clearing space for the construction of a new barn by burning down the old one, precluding it from being a reasonable legislative means to punish arsonists. *Wick*, 107 Ill. 2d at 66.

Likewise, in *Zaremba*, this court invalidated a provision that defined theft as the knowing act of obtaining or exerting control over property in the custody of law enforcement that has been represented to have been stolen. *Zaremba*, 158 Ill. 2d at 39-40. We explained that without a provision requiring either that the control be unauthorized or that it be accompanied by an intent to deprive the rightful owner of permanent possession, there was no culpable mental state requirement, and thus the provision did not bear a reasonable relationship to its legislative purpose. *Zaremba*, 158 Ill. 2d at 41-42. In *People v. Wright*, this court found a statute criminalizing the knowing failure to keep certain motor vehicle records was invalid despite the presence of a knowledge requirement. As we explained, the statute failed to include an exception for minor lapses in record-keeping attributable to innocent reasons, including disability or family crisis, thus subjecting innocent conduct to criminal prosecution. *Wright*, 194 Ill. 2d at 28-30.

Respondent claims that the statute at issue in this appeal is similar to those invalidated in the cited cases since its lack of a culpable mental state or criminal purpose requirement means innocent conduct, such as arranging a simple date or meeting between a child and an adult, may be prosecuted as a felony offense. Respondent argues that for this reason the statute does not bear a reasonable relationship to the legislature's

intent of protecting children from adults. To address this contention, we must examine the actual language chosen by the legislature.

The solicitation statute makes it a felony for a person to "arrange[ ]" for someone over the age of 17 to commit an act of sexual penetration or other sexual conduct with a child under the age of 13 or between the ages of 13 and 17. 720 ILCS 5/11–6.5(a) (West 2000). Whenever possible, the words chosen by the legislature are to be given their plain and ordinary meaning, as the best indicator of legislative intent. *U.S. Bank National Ass'n v. Clark*, 216 Ill. 2d 334, 346 (2005). Here, the plain meaning of the word "arrange" is critical to our resolution of this issue.

Under the relevant definition in this instance, "arrange" means: "to put in order beforehand : make preparations for : PLAN." Webster's Third New International Dictionary 120 (1993). To "plan" means: "1 : to arrange the parts of : DESIGN *** 2 : to devise or project the realization or achievement of : prearrange the details of *** 3 : to set down the features of in a plan : represent by a plan *** 4 : to have in mind : INTEND *** 5 : to devise procedures or regulations for in accordance with a comprehensive plan for achieving a given objective ***." Webster's Third New International Dictionary 1730 (1993). Inherent in each of these commonly understood definitions is knowledge of the object or activity being planned or arranged. In this case, that knowledge provides the culpable mental state and criminal purpose needed to uphold the statute in the face of a due process challenge. Accordingly, for the reasons previously discussed, we find *Wick*, *Zaremba*, and *Wright* inapposite. Unlike those cases, here the statute includes language that narrowly defines the requisite culpable mental state, precluding the potential problem in those cases of innocent conduct being deemed a crime.

To obtain a conviction under the indecent solicitation of an adult statute, the State must present sufficient evidence to establish that the accused arranged (planned) that an adult, as defined in the statute, commit an act of either sexual penetration or sexual conduct with a child under the age of 17. 720 ILCS 5/11–6.5(a) (West 2000). Contrary to respondent's

contention, the innocent act of arranging a date or a social meeting between an adult and a child would not fall within the scope of the statute. Under the statute, a felony is committed only when an arranged meeting is specifically planned to involve the commission of sexual acts between the adult and the child. That is precisely what occurred here. Respondent was not simply setting up a casual date when he instructed a fellow student to get E.J., an 18-year-old junior, from her classroom and take her to the science room. There, respondent specifically instructed her to perform oral sex on A.T., a 16-year-old student. That conduct is an example of the type of planned, intentional activity the legislature meant to bar by prohibiting the "arrangement" of sexual acts between adults and minors. The statute properly includes a culpable mental state and criminal purpose and therefore does not violate due process.

### iv. *Knowledge of Age*

Finally, we note that during oral argument, respondent focused on a new allegation, namely, that the statute violates due process by failing to require a showing that the accused either knew, or reasonably should have known, the ages of the child-victim and the solicited adult. As this allegation was not raised in respondent's briefs, it was forfeited. *People v. Blair*, 215 Ill. 2d 427, 443-44 (2005). Nonetheless, even if the argument had been timely raised, we would remain unpersuaded.

Respondent's claim again mounts only a facial challenge to the statute on due process grounds, not an "as applied" challenge. Successfully making a facial challenge to a statute's constitutionality is extremely difficult, requiring a showing that the statute would be invalid under *any* imaginable set of circumstances. The invalidity of the statute in one particular set of circumstances is insufficient to prove its facial invalidity. *In re Parentage of John M.*, 212 Ill. 2d 253, 269 (2004). " '[S]o long as there exists a situation in which a statute could be validly applied, a facial challenge must fail.' " *People v. Huddleston*, 212 Ill. 2d 107, 145 (2004), quoting *Hill,* 202 Ill. 2d at 157.

Here, it is a simple exercise to imagine a factual scenario where the physical appearances would readily establish the victim's age as under 17 and the solicited adult's age as over 17, as required by the statute. The solicitation statute would not violate due process by failing to include a specific requirement of knowledge of the participants' ages under at least one factual scenario; thus, respondent's facial challenge must fail.

## III. CONCLUSION

For the reasons stated, we hold that: (1) the indecent solicitation of an adult statute is applicable to juveniles; (2) the appellate court erred by applying cross-comparison analysis in concluding that the statute violated the proportionate penalties clause; (3) respondent has standing to raise facial challenges to the statute under the due process clause; and (4) the statute does not violate due process by failing to require a culpable mental state or knowledge of the participants' ages or by converting misdemeanor conduct into a felony.

The judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*