No. 2--05--0736                                        filed: 8/1/06

_____

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

_____

| | | |
|---|---|---|
| EDWARD R. FAIRCLOTH, | ) | Appeal from the Circuit Court |
| | ) | of Lee County. |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 03--MR--17 |
| JERRY L. STERNES, Warden, Dixon | ) | |
| Correctional Center, | ) | Honorable |
| | ) | David T. Fritts, |
| Respondent-Appellee. | ) | Judge, Presiding. |

_____

_____

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

The petitioner, Edward Faircloth (the defendant), appeals from the June 30, 2005,

order of the circuit court of Lee County denying his petition for habeas corpus relief. On

appeal, the defendant challenges the constitutionality of the drug-induced-homicide statute

(Ill. Rev. Stat. 1989, ch. 38, par. 9--3.3(a) (now 720 ILCS 5/9--3.3(a) (West 2004))). We

affirm.

I. BACKGROUND

Between September 11 and 13, 1989, the defendant gave the victim, Sandra Parise,

cocaine. Following a three-day cocaine binge with the defendant, the victim died from the

adverse effects of the cocaine. On October 4, 1989, the defendant was charged by

indictment with unlawful delivery of a controlled substance (Ill. Rev. Stat. 1989, ch. 56c, par.

1401) (now 720 ILCS 570/401 (West 2004)), possession with intent to deliver a controlled substance (Ill. Rev. Stat. 1989, ch. 56ç, par. 1401) (now 720 ILCS 570/401 (West 2004)), and drug-induced homicide (Ill. Rev. Stat. 1989, ch. 38, par. 9--3.3(a) (now 720 ILCS 5/9--3.3(a) (West 2004))).  Following a jury trial, the defendant was convicted of all the charges against him.  The defendant was sentenced to consecutive prison terms of 30 years for drug-induced homicide, 15 years for delivery of a controlled substance, and 15 years for possession with intent to deliver a controlled substance.  The defendant's convictions and sentences were affirmed on direct appeal.  See People v. Faircloth, 234 Ill. App. 3d 386, 394 (1992).  The defendant's subsequent petition for postconviction relief was dismissed.

On March 6, 2003, the defendant filed a pro se petition for a writ of habeas corpus. The defendant argued that the drug-induced-homicide statute was unconstitutional. Because that statute was unconstitutional, the defendant argued, he could be convicted only of unlawful possession of a controlled substance (Ill. Rev. Stat. 1989, ch. 56ç, par. 1402(c) (now 720 ILCS 570/402(c) (West 2004))), which carried with it a maximum sentence of three years' imprisonment.  The defendant therefore argued that, because he had already served more than 12 years of imprisonment, he should be released immediately.

The respondent, Jerry Sternes, the warden of the Dixon Correctional Center, represented by the office of the Illinois Attorney General (the State), filed a motion to dismiss, arguing that the defendant could not challenge the constitutionality of a statute in a habeas corpus proceeding.  (Nedra Chandler replaced Sternes as the respondent after Chandler became the Dixon Correctional Center warden.)  The trial court denied the State's motion to dismiss.

On June 30, 2005, the trial court denied the defendant's petition for a writ of <u>habeas corpus</u>, holding that the drug-induced-homicide statute was constitutional. The defendant thereafter filed a timely notice of appeal.

## II. DISCUSSION

### A. Propriety of Challenging a Statute in a <u>Habeas Corpus</u> Proceeding

On appeal, the defendant argues that the trial court erred in determining that the drug-induced-homicide statute is constitutional. Specifically, the defendant claims that the statute is unconstitutional because it imposes a murder-type punishment without the requirement of a murder-type <u>mens rea</u>. The defendant further argues that the drug-induced-homicide statute is unconstitutional because it violates the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11).

In response, the State argues that the trial court erred in denying its motion to dismiss the defendant's petition. The State contends that a defendant can raise only certain issues in a <u>habeas corpus</u> proceeding, and a challenge to the constitutionality of a statute is not such an issue.

The Illinois Habeas Corpus Act (735 ILCS 5/10--101 <u>et seq.</u> (West 2002)) provides an extremely narrow remedy for state prisoners. The sole remedy or relief authorized by a writ of <u>habeas corpus</u> is the prisoner's immediate release from custody. <u>People ex rel. Burbank v. Irving</u>, 108 Ill. App. 3d 697, 700 (1982). <u>Habeas corpus</u> relief is available to secure the release of a prisoner only when: (1) the court of conviction lacked subject matter or personal jurisdiction, or (2) some event subsequent to the conviction entitles the prisoner to immediate release from custody. <u>People v. Gosier</u>, 205 Ill. 2d 198, 205 (2001); <u>Barney v. Prisoner Review Board</u>, 184 Ill. 2d 428, 430 (1998). Examples of subsequent events that

might entitle a prisoner to habeas corpus relief include serving more than a maximum imposed sentence or transfer from one prison to another without a hearing. People ex rel. Swiderski v. Brierton, 65 Ill. App. 3d 153, 154 (1978). Habeas corpus relief is not available to review errors that only render the judgment voidable or are of a nonjurisdictional nature, even where a denial of constitutional rights is alleged. People ex rel. Lewis v. Frye, 42 Ill. 2d 311, 313 (1969). Consequently, where the original judgment of conviction is not void, a prisoner's maximum term has not yet expired, and nothing has occurred to warrant a prisoner's immediate discharge, the trial court is without jurisdiction to grant habeas corpus relief. Owens v. Lane, 196 Ill. App. 3d 358, 360 (1990).

Relying on three Illinois Supreme Court decisions, the most recent case being from 1916, the State argues that the constitutionality of a statute cannot be challenged in a habeas corpus proceeding. See People ex rel. Harris v. Graves, 276 Ill. 350, 352 (1916); People ex rel. Joyce v. Strassheim, 242 Ill. 359, 362 (1909); People ex rel. Birkholz v. Jonas, 173 Ill. 316, 320 (1898). Our research reveals that none of these cases have been explicitly overruled.

However, in Hill v. Cowan, 202 Ill. 2d 151 (2002), the Illinois Supreme Court nonetheless addressed a defendant's challenge to the constitutionality of a statute, even though the defendant first raised that issue in a habeas corpus proceeding. In Hill, the defendant filed a habeas corpus petition, contending that he was entitled to immediate release because the extended-term portions of his sentences were unconstitutional in light of the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The trial court granted the defendant's petition, declaring the pertinent extended-term sentencing provisions to be unconstitutional under

Apprendi. Because the defendant had already served three years more than the maximum nonextended-term sentences to which he could have been subjected, the trial court ordered that he be released immediately. The State thereafter appealed. Hill, 202 Ill. 2d at 153.

On appeal, the supreme court declined to reject the defendant's challenge to the constitutionality of a statute in a habeas corpus petition on procedural grounds. The supreme court explained that the constitutionality of a criminal statute may be challenged at any time. Hill, 202 Ill. 2d at 156, citing People v. Wagener, 196 Ill. 2d 269, 279 (2001), and People v. Wright, 194 Ill. 2d 1, 23-24 (2000). As such, the supreme court considered the merits of the defendant's constitutional challenge to his sentence, and then rejected it. Hill, 202 Ill. 2d at 156.

Based on the supreme court's decision in Hill, we do not believe that Graves, Strassheim, and Jonas reflect the current law in this state as to whether a defendant can challenge the constitutionality of a statute in a habeas corpus proceeding. We therefore reject the State's argument that the defendant's petition should have been dismissed on this basis.

B. Constitutionality of the Drug-Induced-Homicide Statute

Having determined that the defendant may challenge the constitutionality of a statute in a habeas corpus proceeding, we note that the defendant's task is nonetheless formidable. This is because to challenge a statute in this setting, the defendant must establish that the statute is unconstitutional on its face, that it is void ab initio. Hill, 202 Ill. 2d at 157. Statutes enjoy a strong presumption of constitutionality, and courts must construe statutes in order to uphold their constitutionality whenever reasonably possible. Wickham v. Byrne, 199 Ill. 2d 309, 316 (2002). The fact that a statute may operate invalidly

under some circumstances is insufficient to establish facial invalidity; a statute is facially unconstitutional only if no set of circumstances exists under which the statute would be valid. In re C.E., 161 Ill. 2d 200, 210-11 (1994). Thus, so long as there exists a situation in which a statute could be validly applied, a facial challenge must fail. Hill, 202 Ill. 2d at 157.

A person commits drug-induced homicide if he "violates Section 401 of the Illinois Controlled Substances Act [(the Act) (Ill. Rev. Stat. 1989, ch. 56ç, par. 1401 (now 720 ILCS 570/401 (West 2004)))] by unlawfully delivering a controlled substance to another, and any person dies as a result of the injection, inhalation or ingestion of any amount of that controlled substance." Ill. Rev. Stat. 1989, ch. 38, par. 9--3.3(a) (now 720 ILCS 5/9--3.3(a) (West 2004)). Section 401 of the Act provides that "[e]xcept as authorized by this Act, it is unlawful for any person knowingly to: (I) manufacture or deliver, or possess with intent to manufacture or deliver, a controlled or counterfeit substance or controlled substance analog." Ill. Rev. Stat. 1989, ch. 56ç, par. 1401 (now 720 ILCS 570/401 (West 2004)). Cocaine is a Schedule II controlled substance under the Act (Ill. Rev. Stat. 1989, ch. 56ç, pars. 1202, 1206(b)(4) (now 720 ILCS 570/202, 206(b)(4) (West 2004))), and the defendant does not dispute that section 401 of the Act barred him from delivering cocaine to Parise.

Although the defendant frames his challenge to the statute in terms of due process, we note that he is essentially arguing that the drug-induced-homicide statute is overbroad and vague because it punishes drug users when it was designed to punish drug traffickers. The defendant also argues that the statute is vague because it is the only murder statute in Illinois that lacks a mental state requiring a specific intent to kill or to inflict great bodily harm.

This court recently rejected almost identical challenges to the constitutionality of the drug-induced-homicide statute, albeit in dicta, in People v. Boand, 362 Ill. App. 3d 106 (2005). In Boand, the defendant was convicted of drug-induced homicide (720 ILCS 5/9--3.3(a) (West 2004)), involuntary manslaughter (720 ILCS 5/9--3(a) (West 2004)), and criminal sexual assault (720 ILCS 5/12--13(a)(2) (West 2004)). On appeal, the defendant raised numerous contentions, including that the drug-induced-homicide statute was unconstitutional. This court reversed the defendant's convictions and remanded for further proceedings. Boand, 362 Ill. App. 3d at 144. This court further addressed the defendant's challenge to the constitutionality of the drug-induced-homicide statute because that issue was likely to arise again on remand. Boand, 362 Ill. App. 3d at 138.

In Boand, the defendant argued that the drug-induced-homicide statute was unconstitutional because it was vague. Boand, 362 Ill. App. 3d at 138. Specifically, the defendant argued that the statute was vague because it did not reflect the legislature's intent to stop drug traffickers. Boand, 362 Ill. App. 3d at 140. Instead, the defendant argued, based on the statute's vagueness, it also improperly punished casual drug users who shared drugs with their fellow users. Boand, 362 Ill. App. 3d at 140, 142-43. We rejected the defendant's argument, finding that the legislative intent was best reflected by the plain language of the statute. Boand, 362 Ill. App. 3d at 141. We found that had the legislature wanted to punish only drug traffickers pursuant to the drug-induced-homicide statute, it easily could have included language to that effect. Boand, 362 Ill. App. 3d at 141.

We further rejected the defendant's argument that the drug-induced-homicide statute was unconstitutional because it did not specify what mental state subjects an accused to criminal liability. Boand, 362 Ill. App. 3d at 141. We determined that the drug-induced-

homicide statute incorporates the "knowing" mental state element from section 401 of the Act. Boand, 362 Ill. App. 3d at 142. We noted that the drug-induced-homicide statute was similar to the felony murder statute, which derives its mental state from the underlying intended offense. Boand, 362 Ill. App. 3d at 142. Just as the felony murder statute imposes criminal liability for a death resulting from a forcible felony, the drug-induced-homicide statute imposes criminal liability for a death resulting from the knowing delivery of certain controlled substances. Boand, 362 Ill. App. 3d at 142. We held that the drug-induced-homicide statute was satisfied by a showing that the death was proximately caused by the knowing delivery of a controlled substance. Boand, 362 Ill. App. 3d at 143.

We agree with the analysis set forth in Boand. We believe that the Boand court properly determined that the drug-induced-homicide statute is not so vague or overbroad as to render that statute unconstitutional.

In so ruling, we reject the defendant's argument that Boand was wrongly decided because it improperly analogized the drug-induced-homicide statute to the felony murder statute. The defendant argues that, because forcible felonies are necessarily dangerous, a defendant could anticipate that death or serious injury might happen to some other person. Conversely, the defendant argues that there is no proof that the delivery and ingestion of narcotics is likely to result in death. Because death is not likely to result from the delivery of drugs, the defendant argues, the Boand court's analysis is flawed.

We disagree with the defendant's argument that it is not at all foreseeable that one could die as a result of the delivery of drugs. Not only is such an argument contrary to common experience, it is also contrary to the spirit of numerous Illinois laws that criminalize the sale, delivery, and use of illegal drugs so as to prevent such unnecessary deaths.

Instead, as we explained in <u>Boand</u>, one will be responsible for the death of another when he engages in a criminal activity that sets in motion a chain of events that proximately causes the death of another person. <u>Boand</u>, 362 Ill. App. 3d at 142. Here, the defendant illegally delivered cocaine to Parise that proximately caused her death. We believe that this was a foreseeable consequence of the defendant's criminal actions.

Finally, we reject the defendant's argument that the drug-induced-homicide statute is unconstitutional because it violates the proportionate-penalties clause of the Illinois Constitution. The defendant argues that the statute is "so wholly disproportionate to the offense as to shock the moral sense of the community." Specifically, the defendant argues that the possible sentence for drug-induced homicide is disproportionate to the wrong, the delivery of a small amount of narcotics, that the statute is seeking to prevent.

The Illinois Constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, §11. In analyzing a proportionate-penalties challenge, our ultimate inquiry is whether the legislature has set the sentence in accord with the seriousness of the offense. <u>People v. Guevara</u>, 216 Ill. 2d 533, 543 (2005). A statute may be deemed unconstitutionally disproportionate if the punishment for the offense is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community. <u>People v. Miller</u>, 202 Ill. 2d 328, 338 (2002).

We reject the defendant's attempt to minimize the severity of his crime. As discussed above, because of the defendant's criminal actions, a woman died. We do not believe that the legislature's desire to punish such conduct and to deter others from committing similar crimes by classifying drug-induced homicide as a Class X felony is

disproportionate to the seriousness of the offense. We also do not believe that the possible sentencing range that the legislature has prescribed for drug-induced homicide is so unconscionable as to shock the moral sense of the community. Accordingly, we find the defendant's proportionate-penalties challenge to be without merit.

For the foregoing reasons, we affirm the judgment of the circuit court of Lee County.

Affirmed.

McLAREN and HUTCHINSON, JJ., concur.