NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210368-U

NO. 4-21-0368

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 28, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| LYARRON T. EMERS, | ) | No. 16CF426 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Heidi N. Ladd, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where defendant failed to state a ground for *habeas corpus* relief, the trial court did not err in denying his *pro se* petition.

¶ 2    In February 2021, defendant, Lyarron T. Emers, filed a *pro se* petition for writ of *habeas corpus* relief, which the trial court denied *sua sponte*. On appeal, defendant argues the trial court erred in denying his *pro se* petition. We affirm.

¶ 3                                     I. BACKGROUND

¶ 4    In February 2017, a jury found defendant guilty of unlawful possession with intent to deliver a controlled substance (1 gram or more but less than 15 grams of a substance containing cocaine) (720 ILCS 570/401(c)(2) (West 2014)). In March 2017, the trial court sentenced defendant to 18 years in prison. Defendant appealed, arguing "the trial court improperly considered his refusal to assist in the preparation of a presentence investigation report

as a factor in aggravation." *People v. Emers*, 2019 IL App (4th) 170254-U, ¶ 21. This court affirmed defendant's conviction and sentence. *Emers*, 2019 IL App (4th) 170254-U, ¶ 34.

¶ 5        In April 2017, while his direct appeal was pending, defendant filed a *pro se* postconviction petition alleging he received ineffective assistance of counsel. In December 2017, defendant's postconviction petition advanced to the second stage of postconviction proceedings, as no action was taken on the petition within 90 days of its filing (see 725 ILCS 5/122-2.1(a) (West 2016)), and the trial court appointed counsel. In April 2018, defendant, through appointed counsel, filed an amended postconviction petition alleging various claims of ineffective assistance of his trial counsel. Defendant asserted, in relevant part, trial counsel provided ineffective assistance when he failed to (1) introduce water bills in defendant's name "for service to an address that was not 905 Prestwick Point and that were not mailed to 905 Prestwick Point," and (2) call defendant's uncle at trial and "adduce testimony beneficial to [d]efendant's theory of the case."

¶ 6        On August 16, 2018, the trial court entered a written order granting the State's motion to dismiss defendant's amended postconviction petition. The court found the amended petition, submitted attachments, and supporting documents, "taken with the trial record, do not raise any factual disputes that cannot be resolved from the record, and do not make a substantial showing of a violation of [defendant's] rights under either the State or United State[s] Constitution." The court also found "each of the issues [defendant] claims as a basis for post-conviction relief were known to the defendant at the time and could have been raised on direct appeal." Defendant appealed, and this court affirmed the trial court's judgment. See *People v. Emers*, 2020 IL App (4th) 180598-U.

¶ 7        In February 2021, defendant filed a *pro se* petition for *habeas corpus* pursuant to section 10-102 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/10-102 (West 2020)). Defendant alleged, in part, (1) counsel rendered ineffective assistance by failing to file a motion to suppress "a cavity search" performed at the time of arrest, (2) he was arrested on a warrant in connection with Champaign County case No. 16-CF-389, "but was not arraigned on this case" in violation of section 113-1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/113-1 (West 2020)) and the fourteenth amendment of the United States Constitution (U.S. Const., amend. XIV), (3) counsel rendered ineffective assistance by failing to file a motion to suppress a "tow paper filled out by cops [showing] the keys was found in the truck not in my pocket," (4) counsel rendered ineffective assistance by failing to secure a timely bond reduction, (5) counsel rendered ineffective assistance for failing to introduce copies of defendant's water bills into evidence, (6) the trial court "violated [defendant's] fifth amendment right to remain silent and held it against [defendant]," and (7) the "case [defendant is] currently serving a 18 yr [*sic*] prison sentence for is fruit of a poisonous tree."

¶ 8        In May 2021, the trial court dismissed defendant's petition *sua sponte*. The court noted defendant filed a document titled "Writ of *Habeas Corpus*," which the court construed as a petition for *habeas corpus*. As a basis for denying defendant's petition, the court found defendant "failed to name the warden of the prison in which he is housed or the director of the Department of Corrections, and as such he has named the incorrect respondent in his claim."

¶ 9        This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11        Defendant argues the trial court erred in denying his *pro se* petition for *habeas corpus*. We disagree.

¶ 12          Section 10-124 of the Procedure Code (735 ILCS 5/10-124 (West 2020)) sets forth the grounds upon which *habeas* relief is available.

> "It is well established that an order of *habeas corpus* is available only to obtain the release of a prisoner who has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner, or where there has been some occurrence subsequent to the prisoner's conviction that entitles him to release." *Beacham v. Walker*, 231 Ill. 2d 51, 58, 896 N.E.2d 327, 332 (2008).

¶ 13          A petition for writ of *habeas corpus* for nonjurisdictional defects is inappropriate even though the petition alleges errors involving a denial of constitutional rights. *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 430, 704 N.E.2d 350, 351 (1998); see also *Baker v. Department of Corrections*, 106 Ill. 2d 100, 106, 477 N.E.2d 686, 689 (1985) (noting a *habeas* petition is not a substitute for a direct appeal and "may not be utilized to correct mere judicial error"). "Consequently, where the original judgment of conviction is not void, a prisoner's maximum term has not yet expired, and nothing has occurred to warrant a prisoner's immediate discharge, the trial court is without jurisdiction to grant *habeas corpus* relief." *Faircloth v. Sternes*, 367 Ill. App. 3d 123, 125, 853 N.E.2d 878, 881 (2006). The only remedy available under *habeas corpus* is a prisoner's immediate release from custody. *Adcock v. Snyder*, 345 Ill. App. 3d 1095, 1098, 804 N.E.2d 141, 143 (2004).

¶ 14          Defendant asserts for the first time in his reply brief the trial court lacked jurisdiction because defense counsel rendered ineffective assistance and there was "malicious corruption" and "unjustice." There is nothing in the record to indicate the court lacked jurisdiction, and defendant does not cite to any authority suggesting allegations of ineffective

assistance of counsel or "malicious corruption" deprives the court of its jurisdiction. Moreover, defendant does not allege a postconviction occurrence entitling him to immediate release from custody. Instead, his claims allege error in the proceedings leading to his conviction. Thus, defendant does not allege a postconviction event that would entitle him to release. Also, the time during which defendant may be legally detained has not expired. See http://www.idoc.state.il.us (last visited June 6, 2022) (indicating defendant's discharge from mandatory supervised release is set for July 2028). Accordingly, defendant has not stated a valid claim for *habeas corpus*, and the trial court did not err in dismissing his *pro se* petition.

¶ 15                                          III. CONCLUSION

¶ 16          For the reasons stated, we affirm the trial court's judgment.

¶ 17          Affirmed.