NOTICE

Decision filed 08/07/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 210079-U

NO. 5-21-0079

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| MICHAEL MILLER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 19-MR-523 |
| | ) | |
| FELICIA ADKINS,* Warden, | ) | Honorable |
| | ) | Christopher P. Threlkeld, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Presiding Justice Boie and Justice Moore concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Because the trial court had jurisdiction over the plaintiff as well as over the subject matter of the case, and because the plaintiff did not claim that a postconviction occurrence entitles him to *habeas* relief, we affirm the decision of the circuit court denying plaintiff's complaint for *habeas* relief.

¶ 2                               BACKGROUND

¶ 3   In May 1999, a jury convicted the plaintiff of attempted murder. The trial court sentenced him to 45 years in prison. Prior to trial the plaintiff filed a petition for discharge pursuant to the Speedy Trial Act (725 ILCS 5/103-5(d) (West 1998)), but no ruling on the motion appears in the

---

*The proper defendant in a *habeas corpus* action is "the person[ ] in whose custody or under whose restraint" the plaintiff resides. *Hennings v. Chandler*, 229 Ill. 2d 18, 23 n.2 (2008). Therefore, we substituted Felicia Adkins as the proper party in interest in place of Kim Larsen because she is currently the warden at Danville Correctional Center where the plaintiff is being held.

1

record. In a posttrial motion filed by appointed counsel the plaintiff argued, *inter alia*, that the court "erred in denying [his] motion to dismiss for denial of a speedy trial," and sought either a discharge or a new trial. At the hearing on that motion, the plaintiff's appointed attorney stated that the circuit court had denied the motion for discharge and argued that it had erred in doing so. The State argued that the plaintiff had consented to the delay in question and that the circuit court properly denied plaintiff's motion for discharge. The circuit court denied the plaintiff's posttrial motion. The plaintiff appealed, and this court affirmed the conviction and sentence. See *People v. Miller*, No. 5-99-0651 (2003) (unpublished order under Illinois Supreme Court Rule 23). The plaintiff did not raise any speedy trial arguments in that appeal.

¶ 4       In 2010, the plaintiff filed *pro se* a pleading captioned "Mtn. for Speedy Trial," which the circuit court dismissed. The plaintiff appealed, but the appeal was ultimately dismissed for want of prosecution.

¶ 5       In April 2019, the plaintiff filed a *habeas corpus* complaint claiming, *inter alia*, that he was being unlawfully held in violation of his right to a speedy trial. Specifically, he claimed that he was not brought to trial within 120 days and that his pretrial petition for discharge was never heard or ruled on. He claimed that assertions to the contrary in his posttrial motion and at the hearing thereon were a "cover up" which the prosecutor, his posttrial attorney, and the judge "staged" to conceal the fact that his pretrial motion for discharge was never addressed. The defendant filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)), arguing that the plaintiff's complaint failed to state any grounds upon which *habeas corpus* relief could be granted. The defendant's motion also sought dismissal pursuant to section 2-619 of the Code (*id.* § 2-619), arguing that plaintiff's speedy trial claim was barred by collateral estoppel because it had twice been rejected by the circuit court.

Finally, the defendant asked the court to find the complaint frivolous pursuant to section 22-105 of the Code (*id.* § 22-105). The trial court granted the defendant's motion in its entirety, and the plaintiff now appeals.

¶ 6                                          ANALYSIS

¶ 7        We review the circuit court's dismissal of a *habeas corpus* petition *de novo*. *Ragel v. Scott*, 2018 IL App (4th) 170322, ¶ 19. "The Illinois Habeas Corpus Act (735 ILCS 5/10-101 *et seq.* (West 2002)) provides an extremely narrow remedy for state prisoners. The sole remedy or relief authorized by a writ of *habeas corpus* is the prisoner's immediate release from custody. [Citation.]" *Faircloth v. Sternes*, 367 Ill. App. 3d 123, 125 (2006). This extraordinary remedy is available in two circumstances. *Id.* The Illinois Supreme Court "has consistently held that a writ under this act is available only to obtain the release of a prisoner who has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner, or where there has been some occurrence subsequent to the prisoner's conviction that entitles him to release. [Citations.]" *People v. Gosier*, 205 Ill. 2d 198, 205 (2001). "A complaint for order of *habeas corpus* may not be used to review proceedings that do not exhibit one of these defects, even though the alleged error involves a denial of constitutional rights." *Beacham v. Walker*, 231 Ill. 2d 51, 58 (2008).

¶ 8        The plaintiff's *habeas* complaint did not argue that some postconviction occurrence entitled him to release, nor does he make any such claim on appeal. Instead, he argues that the circuit court lacked jurisdiction as a result of the alleged speedy trial violation. We disagree.

¶ 9        A circuit court is automatically vested with jurisdiction over all justiciable matters by article VI, section 9, of the Illinois Constitution. *People v. Castleberry*, 2015 IL 116916, ¶ 15. Criminal charges against an individual are justiciable matters and, therefore, the circuit court had

3

subject matter jurisdiction in the plaintiff's criminal trial. *People v. Rios*, 2013 IL App (1st) 121072, ¶ 16. The court had jurisdiction over his person when he appeared before the court in his criminal case. *People v. Speed*, 318 Ill. App. 3d 910, 932 (2001).

¶ 10    The plaintiff alleges that the circuit court did not have jurisdiction because it had never addressed his speedy trial motion. As noted above, no ruling on the plaintiff's petition for discharge appears in the record on appeal, nor is there a report of proceedings from any hearing thereon. However, even assuming, *arguendo*, that the petition was never heard or ruled on and that the plaintiff was denied his right to a speedy trial, such error would not be cognizable in a *habeas corpus* proceeding. "Generally, once a court has acquired jurisdiction, no subsequent error or irregularity will oust the jurisdiction thus acquired. Accordingly, a court may not lose jurisdiction because it makes a mistake in determining either the facts, the law or both. [Citation.]" *People v. Davis*, 156 Ill. 2d 149, 156 (1993).

¶ 11    "*Habeas corpus* does not lie if the person is in custody by virtue of a final judgment of any circuit court *** unless the time during which such party may be legally detained has expired." *Barney v. Prisoner Review Board*, 184 Ill. 2d 428, 431 (1998). An offender, whether in prison or on mandatory supervised release, "remain[s] in the custody of the State until the expiration of the maximum term of his sentence." *Faheem-El v. Klincar*, 123 Ill. 2d 291, 300 (1988). Where the convicting court had both subject matter and personal jurisdiction and " 'the maximum term of commitment under the judgment has not expired or otherwise been lawfully terminated, then the court' " must deny the *habeas corpus* complaint. *Pardo v. Chrans*, 174 Ill. App. 3d 549, 551 (1988) (quoting *People ex rel. Castle v. Spivey*, 10 Ill. 2d 586, 593-94 (1957)). The plaintiff did not allege

4

the maximum term of his sentence had expired. The Illinois Department of Corrections website reveals that the plaintiff's sentence will not be discharged until November 5, 2039.[1]

¶ 12   Having determined that the circuit court properly dismissed the plaintiff's complaint for *habeas corpus* relief we need not determine whether his speedy trial claim is precluded by the doctrine of collateral estoppel. Finally, we decline the State's request to impose sanctions under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994).

¶ 13                              CONCLUSION

¶ 14   For the foregoing reasons, the circuit court of Madison County's denial of the plaintiff's *habeas corpus* complaint is affirmed.

¶ 15   Affirmed.

---

[1]https://idoc.illinois.gov/offender/inmatesearch.html (last visited July 25, 2023) (of which we may take judicial notice (*Cordrey v. Prisoner Review Board*, 2014 IL 117155, ¶ 12)).