**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210563-U

Order filed March 3, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| DONALD G. WEILAND, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | Appeal No. 3-21-0563 |
| EMPLOYMENT SECURITY, an | ) | Circuit No. 21-MR-499 |
| administrative agency of the State of Illinois, | ) | |
| DIRECTOR OF ILLINOIS DEPARTMENT | ) | |
| OF EMPLOYMENT SECURITY, and BOARD | ) | |
| OF REVIEW OF THE ILLINOIS | ) | |
| DEPARTMENT OF EMPLOYMENT | ) | |
| SECURITY, | ) | The Honorable |
| | ) | John C. Anderson |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice Holdridge and Justice Peterson concurred in the judgment.

_____

**ORDER**

¶ 1       *Held*:  The Board of Review of the Illinois Department of Employment Security properly dismissed the plaintiff's appeal for lack of jurisdiction because it was not postmarked by the deadline date, as required in the letter of decision.

¶ 2        In this appeal, the Board of Review of the Illinois Department of Employment Security affirmed the departmental referee's dismissal on jurisdictional grounds of Donald Weiland's appeal from the denial of his request for unemployment benefits. On administrative review, the Will County circuit court affirmed the Board of Review's determination. We affirm.

¶ 3                                      I. BACKGROUND

¶ 4        The plaintiff, Donald G. Weiland, began working for Harrah's Casino in 2018 and was still working there when he was furloughed in March 2020 due to the COVID-19 pandemic. When Harrah's asked him to return to work in July 2020, he expressed concerns because he believed it was not providing its employees with sufficient COVID protections. After speaking to Harrah's Human Resources Department, Weiland was given an additional 30-day furlough. After the expiration of that period, he did not receive any further communication from Harrah's before he applied to the Illinois Department of Employment Security (Department or IDES) for unemployment benefits and received a telephone interview with a claims adjudicator in August 2020. The claims adjudicator found that Weiland had failed to exhaust all reasonable alternatives that would have permitted him to return to work before applying for those benefits. That written decision was mailed to Weiland on August 25, 2020.

¶ 5        The letter of decision included instructions on how Weiland could appeal:

          "Your request must be filed with the [Department] within thirty (30) calendar days after the date this notice was mailed to you. If the last day for filing your request is a day that the Department is closed, the request may be filed on the next day the Department is open. Please file the request by mail or fax at the address or fax number listed above. Any

request submitted by mail must bear a postmark date within the applicable time limit for filing."

Appearing in the upper righthand corner of the letter, the decision's date of mailing was "8-25-2020." Weiland's *pro se* appeal of that decision was postmarked September 25, 2020, 31 days after that mailing date.

¶ 6    A Department hearing referee held a telephone hearing on Weiland's appeal in November 2020. The referee believed the appeal was untimely because it was postmarked one day after the deadline. When asked why the appeal was late, Weiland explained that he had initially intended to deliver the appeal by hand. To find the address of the local office, he went to the Department's website on the due date, September 24, 2020. At that time, the website stated that the Department's "offices [were] closed to the public until further notice" to accommodate "social distancing," At that point, Weiland decided to mail the appeal the next day, an action he believed was permissible under the instructions in the letter of decision because the Department was "closed" on the deadline date.

¶ 7    The referee explained to Weiland that even though the public was not permitted to enter, the Department's offices were still conducting business during normal operating hours. Because the Department was not "closed" on the appeal's due date, the referee concluded that the appeal was untimely and dismissed it for lack of jurisdiction. Weiland filed a timely *pro se* request for review by the Department's Board of Review.

¶ 8    In his argument before the Board, Weiland contended that "[o]n the last day to file, 9/25/2020 [*sic*] the IDES header on website notified users: in order to protect everyone through social distancing, IDES offices are closed to the public until further notice." He claimed that he relied on the one-day extension of time in the letter of decision that applied when the Department

3

was "closed" on the due date when he decided to mail his appeal the next day. As he explained, the "clear language of 'office closed' does not need liberal interpretation. The COVID emergency has affected circumstances. Claimant was unable to file in person because IDES notified the public that the office is closed, so no contact with the public. Also clear was the language that the appeal was on time if filed the next business day."

¶ 9 Later, however, Weiland contended that the referee failed to construe the provisions liberally, as required by section 1-106 of the Code of Civil Procedure (735 ILCS 5/1-106 (West 2020)), and, instead, applied "a strained harsh reading of language" so that " 'closed' did not mean 'closed' when someone is behind a locked door working." He maintained that he was penalized for relying on the statement on the IDES website and the instructions in the letter of decision. He asked the Board to reverse the referee's dismissal of his appeal on the ground that it was untimely and to remand the cause for further proceedings. Agreeing that the referee had no jurisdiction because the appeal was untimely, the Board affirmed the appeal's dismissal.

¶ 10 Weiland then sought administrative review of the Board's final administrative decision in the Will County circuit court. After hearing the parties' oral arguments, the trial court affirmed the Board's decision. Weiland filed a timely notice of appeal in this court.

¶ 11 II. ANALYSIS

¶ 12 The issue is whether the Board of Review erred by affirming the referee's dismissal of Weiland's administrative appeal for lack of jurisdiction. See *Petrovic v. Department of Employment Security*, 2016 IL 118562, ¶ 22 (stating that reviewing courts examine the decision of the Board, not those of the referee or the trial court). Although Weiland suggests that the proper standard of review is "clearly erroneous," we conclude that the less deferential *de novo* standard is applicable because the issue here invokes the legal principle of jurisdiction and

4

requires us to construe the applicable administrative provisions and language. *Haage v. Zavala*, 2021 IL 125918, ¶ 41. The same *de novo* standard applies to the construction of both statutes and administrative regulations. *Id.* ¶ 43.

¶ 13    Initially, Weiland argues that he was denied due process because the Department's website misled him about the applicable appeal deadline. We will not resolve a constitutional question, however, "if the appeal can be decided on other grounds." *Strauss v. City of Chicago*, 2022 IL 127149, ¶ 51. Thus, we first consider the proper construction of the language in the relevant provisions.

¶ 14    When construing the language in a provision, we attempt to effectuate the drafter's intent, with the best indicator of that intent being the plain and unambiguous language of the statute. " 'When the statutory language is plain and unambiguous, we may not depart from the law's terms by reading into it exceptions, limitations, or conditions the legislature did not express, nor may we add provisions not found in the law.' " *McDonald v. Symphony Bronzeville Park, LLC*, 2022 IL 126511, ¶ 18 (quoting *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, ¶ 24). Conversely, we must attempt to construe each word used to avoid rendering any portion of the provision superfluous whenever possible. *In re M.T.*, 221 Ill. 2d 517, 524 (2006).

¶ 15    To support his contention that his filing fell within an exception to the appeal deadline, Weiland relies on the explanation of the appeals process in the adjudicator's written decision. In Weiland's view, those instructions misled him into believing his appeal could be filed a day late. We disagree.

¶ 16    According to the instructions in the letter,

"[i]f you disagree with [the adjudicator's] determination, you may

complete and submit a request for reconsideration/appeal. A letter will

5

suffice if you do not have an agency form. Your request must be filed with the Illinois Department of Employment Security within thirty (30) calendar days after the date this notice was mailed to you. If the last day for filing your request is a day that the Department is closed, the request may be filed on the next day the Department is open. *Please file the request by mail or fax at the address or fax number listed above. Any request submitted by mail must bear a postmark date within the applicable time limit for filing.* If additional information or assistance regarding the appeals process is needed, please contact the Agency at the phone number listed above." (Emphasis added.)

¶ 17    Those instructions expressly offered Weiland two methods for filing his appeal; he could either mail or fax the request to the Department. Weiland, however, initially chose a third method of filing his appeal: hand-delivery to the Department's local office. Because the instructions in the letter of decision do not address that form of filing, they do not contain an exception for his subsequent late filing by mail. As the plain language states, "*Any request submitted by mail*" must be postmarked "within the applicable time limit for filing." Because Weiland ultimately chose to mail his request, the deadline for filing his submission was September 24, 2020. His request, however, was postmarked the next day. Without any applicable exception to the filing deadline, his request was undoubtedly untimely.

¶ 18    As section 800 of the Unemployment Insurance Act makes clear, the filing deadline for an appeal from a claims adjudicator's eligibility finding is jurisdictional:

"Appeals to referee or director. Except as hereinafter provided, appeals from a claims adjudicator shall be taken to a Referee. Whenever a

6

'determination' of a claims adjudicator involves a decision as to eligibility under Section 604, appeals shall be taken to the Director ***. *Unless the claimant *** within 30 calendar days after the delivery of the claims adjudicator's notification of such 'finding' or 'determination,' or within 30 calendar days after such notification was mailed to his last known address, files an appeal therefrom, such 'finding' or 'determination' shall be final as to all parties given notice thereof*." (Emphasis added.) 820 ILCS 405/800 (West 2020); see also 56 Ill. Adm. Code § 2720.200(b). Pursuant to that section, the 30-day deadline is jurisdictional because no review is available if the request is filed after that date. Accordingly, the Board properly concluded that the referee had no jurisdiction over Weiland's appeal when it was filed more than 30 days after the mailing date of the claims adjudicator's findings.

¶ 19 While the parties' arguments focus entirely on whether the Department was "closed" on the applicable filing deadline, we need not answer that question. Because a timely appeal is jurisdictional under the facts of this case, Weiland's failure to mail his appeal request by the deadline bars any further review.

¶ 20 III. CONCLUSION

¶ 21 For the reasons stated, we affirm the Will County circuit court's decision affirming the Board of Review's dismissal of Weiland's appeal as untimely.

¶ 22 Circuit court judgment affirmed.
¶ 23 Board decision affirmed.